17-2905-cv
*Carlisle v. United Parcel Service and Teamsters Local 687*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of August, two thousand eighteen.

PRESENT:    JOSÉ A. CABRANES,
            GERARD E. LYNCH,
                        *Circuit Judges*
            EDWARD R. KORMAN,
                        *District Judge.** 

---

ROBERT W. CARLISLE,

                *Plaintiff-Appellant,*

                v.                                              17-2905-cv

UNITED PARCEL SERVICE, INC., TEAMSTERS LOCAL
687, AN AFFILIATE OF THE INTERNATIONAL
BROTHERHOOD OF TEAMSTERS,

                *Defendants-Appellees.*

---

**FOR PLAINTIFF-APPELLANT:**              Steven Bennett Blau, Blau Leonard Law
                                          Group, LLC, Huntington, NY.

---

* Judge Edward R. Korman, of the United States District Court for the Eastern District of New York, sitting by designation.

**FOR DEFENDANT-APPELLEE**

**UNITED PARCEL SERVICE:**                    Jeremy M. Brown, Epstein Becker & Green,
                                              P.C., New York, NY.


**FOR DEFENDANT-APPELLEE**

**TEAMSTERS LOCAL 687:**                      Mimi C. Satter and Sarah E. Ruhlen, Satter
                                              Law Firm PLLC, Syracuse, NY.


Appeal from a judgment of the United States District Court for the Northern District of New York (Glenn T. Suddaby, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the August 29, 2017 judgment of the District Court is **AFFIRMED**.

Plaintiff-appellant Robert W. Carlisle ("Carlisle") appeals from an order of the District Court granting separate motions for summary judgment filed by defendants-appellees United Parcel Service and Teamsters Local 687 ("UPS" and "the Union," respectively). Carlisle brought suit on November 8, 2015, alleging that the Union breached its duty of fair representation under the Labor Management Relations Act § 301, 29 U.S.C. § 185, and that UPS breached the collective bargaining agreement between the Union and UPS by terminating his employment (together, the "Hybrid § 301" action). On appeal, Carlisle argues that the District Court improperly resolved genuine issues of material fact against him when it granted defendants' motions for summary judgment. We assume the parties' familiarity with the facts, the underlying procedural history, and the issues on appeal.

We review a district court's grant of summary judgment *de novo* and "[w]e will affirm the judgment only if there is no genuine issue as to any material fact, and if the moving party is entitled to a judgment as a matter of law." *Allianz Ins. Co. v. Lerner,* 416 F.3d 109, 113 (2d Cir. 2005) (internal citation omitted). "In determining whether there are genuine issues of material fact, we are 'required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought.'" *Terry v. Ashcroft,* 336 F.3d 128, 137 (2d Cir. 2003) (quoting *Stern v. Trs. of Columbia Univ.*, 131 F.3d 305, 312 (2d Cir. 1997)).

"To establish a hybrid § 301/[duty of fair representation] claim, a plaintiff must prove both (1) that the employer breached a collective bargaining agreement and (2) that the union breached its duty of fair representation vis-à-vis the union members." *White v. White Rose Food, a Div. of DiGiorgio Corp.*, 237 F.3d 174, 178 (2d Cir. 2001). "The plaintiff may sue the union or the employer, or both, but must [establish] violations on the part of both." *Id.* at 179. A "union breaches the duty of fair representation when its conduct toward a member of the bargaining unit is arbitrary, discriminatory, or in bad faith." *Marquez v. Screen Actors Guild, Inc.,* 525 U.S. 33, 44 (1998) (citing *Vaca v. Sipes,* 386

2

U.S. 171, 190 (1967)). However, "a union's actions are arbitrary only if, in light of the factual and legal landscape at the time of the union's actions, the union's behavior is so far outside a 'wide range of reasonableness,' ... as to be irrational." *Air Line Pilots Ass'n, Int'l v. O'Neill,* 499 U.S. 65, 67 (1991) (internal citation omitted).

Carlisle alleges that the Union breached its duty of fair representation by (1) not adequately representing him in the negotiation and enforcement of the CBA with UPS after UPS attempted to discipline Carlisle for multiple workplace violations, and (2) not adequately representing him at the arbitration hearing on the multiple grievances filed by Carlisle against UPS. Here, the District Court properly determined that Carlisle failed to establish triable issues of fact with respect to his claim that the Union breached its duty of fair representation. As the District Court noted in its thorough opinion, the Union representative assigned to advocate for Carlisle at his arbitration hearing fulfilled his duty of representation to Carlisle. *Carlisle v. United Parcel Serv., Inc.*, No. 7:15-CV-137 (GTSATB), 2017 WL 3738697 (N.D.N.Y. Aug. 29, 2017).

The representative, Union President/Principal Executive Officer Brian Hammond, was regularly available via email to address Carlisle's concerns, made himself available for a physical meeting in advance of the arbitration hearing, prepared written briefs on Carlisle's behalf to be submitted in support of his grievances, and solicited evidence from Carlisle to accompany his written submissions to the arbitration panel. In addition, Hammond gave Carlisle the opportunity to comment on and edit the Union's submissions before they were submitted to the panel. Carlisle's disagreements with Hammond's argument strategy in advance of the arbitration hearing does not amount to a breach of duty.

The Union also adequately represented Carlisle by actively negotiating with UPS in an attempt to mitigate the disciplinary consequences of Carlisle's multiple workplace violations. Carlisle has thus provided no basis from which a rational factfinder could infer that the Union acted arbitrarily, in bad faith, or in a discriminatory manner towards him.

Because the District Court correctly concluded that the Union did not breach its duty of fair representation, we need not address Carlisle's second contention that UPS breached the terms of its CBA with the Union.

**CONCLUSION**

We have considered all of Carlisle's remaining arguments and find them to be without merit.

3

Accordingly, for the foregoing reasons, the judgment of the District Court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court